UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE A. AKE,

        Plaintiff,

v.                                CAUSE NO. 3:21-CV-709 DRL-MGG

R. KIEFFER *et al.*,

        Defendants.

OPINION AND ORDER

Shane A. Ake, a prisoner without a lawyer, filed a first amended complaint. ECF 10. He has also filed a motion for preliminary injunction. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Ake's first amended complaint is somewhat vague and confusing. It appears that Mr. Ake is alleging that on August 13, 2018, Officer C. Simpson and prison officers removed him and his cellmate from their cell because they believed the two inmates were intoxicated. ECF 10 at 3. As they were being removed from the cell, Mr. Ake put his hand out to keep his cellmate from falling, which was mistakenly viewed as his attempt to start a fight because he also raised his voice with prison officers as they placed his intoxicated

cellmate back in the cell. *Id*. Officers R. Kieffer and T. Byers then ordered Mr. Ake to go to the medical unit because they thought he was intoxicated. *Id*. at 2. When Mr. Ake arrived at the medical unit, J. Camblin checked his vitals and told him he was "ok," but based on the way Mr. Ake looked he was placed in a restrictive housing unit. *Id*. at 2. Mr. Ake asserts that from August 13, 2018 to August 16, 2018, the director of the substance abuse program and the prison's staff did not know where he was housed because there with no paperwork documenting the August 13, 2018 incident and no conduct report had been filed. *Id*. During this three-day period in the restrictive housing unit, he was deprived of his personal property. *Id*. After he was moved to general population, Mr. Ake tried to find out why he had been placed in the restrictive housing unit when he had not been found guilty of any misconduct. *Id*. He later filed a classification appeal and grievance because he found the actions of the prison's staff unacceptable. *Id*.

Though it is unclear from the allegations contained in his first amended complaint, Mr. Ake seems to be asserting that he was disciplined without a proper hearing with respect to the August 13, 2018, incident. *Id*. at 3. He states a disciplinary hearing officer found him guilty of being intoxicated even though he was never given a urine test. *Id*. Mr. Ake asserts that if he had been given a proper hearing on October 12, 2018, he would have been able to prove he was innocent or pled guilty to a lesser offense. *Id*. He has sued S. Hawk and Warden William Hyatte for improperly disciplining him.

To the extent Mr. Ake may be asserting a Fourteenth Amendment claim against the defendants for violating his right to procedural due process regarding his disciplinary hearing, he has not stated a claim. "Prison disciplinary proceedings are not part of a

2

criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Fourteenth Amendment guarantees prisoners the following procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisiomaker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Id.* at 563-73. To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). However, Mr. Ake's first amended complaint does not suggest that any of his due process rights were violated at the October 12, 2018 disciplinary hearing. Therefore, he may not proceed on this claim.

To the extent Mr. Ake asserts that he was deprived of his property from August 13, 2018 to August 16, 2018, when he was in the restrictive housing unit, he has not stated a claim. ECF 10 at 2. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and

other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, the taking of Mr. Ake's property does not state a claim.

Furthermore, Mr. Ake has also sued T. Orpurt, N. Neal, and Commissioner Robert Carter. However, other than simply listing these defendants in the caption of his case, he never mentions them in the body of his complaint. Therefore, he may not proceed against these defendants.

As a final matter, Mr. Ake has filed a motion for preliminary injunction. ECF 19. However, because his first amended complaint does not state a claim, the motion will be denied.

While Mr. Ake's first amended complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his second amended complaint, Mr. Ake should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Shane A. Ake's motion for preliminary injunction (ECF 19);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Shane A. Ake;

(3) GRANTS Shane A. Ake until **March 18, 2022,** to file a second amended complaint on that form; and

(4) CAUTIONS Shane A. Ake that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

February 17, 2022                                       *s/ Damon R. Leichty*
                                                        Judge, United States District Court